<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| CLAUDE TOWNSEND, | : | Civil No. 09-1832 (GEB) |
| Plaintiff, | : | |
| v. | : | **MEMORANDUM OPINION** |
| NEW JERSEY TRANSIT and AMALGAMATED TRANSIT UNION, | : | |
| Defendants. | : | |

<u>**BROWN, Chief Judge**</u>

    This matter comes before the Court upon the Motion to Dismiss (Doc. No. 38) of the defendants New Jersey Transit and Amalgamated Transit Union (collectively "Defendants"). Plaintiff did not file opposition to the motion. The Court has decided the motion without oral argument pursuant to the Federal Rules of Civil Procedure 78. For the reasons that follow, the Court will grant Defendants' motion to dismiss.

**I.    BACKGROUND**

    Plaintiff asserts that he is "a male of indigenous Heritage of North America" and that he "was employed by New Jersey Transit in 1995." (Second Amended Compl. ¶ 1, 2; Doc. No. 35.) Plaintiff states that on January 28, 2008, he experienced a "work-related accident" while employed by New Jersey Transit and that he was diagnosed with "bilateral carpal tunnel

syndrome and right shoulder impingement syndrome." (Id. at ¶ 3.) As a result of his injury, Plaintiff "went on disability". (Id. at ¶ 4.) Plaintiff states that subsequently his disability benefits were suspended for reason of "no medical certificate". (Id. at ¶ 6.) Plaintiff detailed in his Second Amended Complaint a history of the complaints that he has filed against Defendants following the suspension of his benefits, between December 3, 2008 and August 25, 2009. (Id. at ¶ 5-16.) On October 27, 2009, Plaintiff filed under The Family and Medical Leave Act ("FMLA"). (Id. at ¶ 17.) Plaintiff was denied FMLA leave after "review of work hours in the past 12 months". (Id. at ¶ 18.) Plaintiff detailed a history of his subsequent complaints filed against Defendants. (Id. at ¶ 19-23.)

Plaintiff filed the instant action on April 20, 2009. (Doc. No. 1.) On June 7, 2010, Plaintiff filed a Second Amended Complaint seeking relief pursuant to Title I and V of The Americans with Disabilities Act ("ADA"); Sections 503 and 504 of the Rehabilitation Act of 1974 ("RA"); the New Jersey Law Against Discrimination ("NJ LAD"); the National Labor Relations Act ("NLRA"); the Convention of the Rights of Persons with Disabilities; the Universal Declaration of Human Rights; the United Nations Declaration on the Rights of Indigenous People and the FMLA. (Second Amended Compl. ¶ I; Doc. No. 35.) Plaintiff states that he is entitled to relief from Defendants' actions which he claims were the due to his "work-related injuries" and constitute "unlawful discrimination" and "unlawful reprisal". (Id. at ¶ 25, 29, 33.)

Defendant argues that the Second Amended Complaint should be dismissed pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6). (Defs.' Br. at 5-16.) Plaintiff did not file opposition to the motion. The Court's consideration of the instant motion follows.

## II.     DISCUSSION

### A.     Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that the plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint will survive a motion to dismiss if it contains sufficient factual matter to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 570). The plausibility standard requires that "the plaintiff plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and demands "more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly, 550 U.S. at 556). Although a court must accept as true all factual allegations in a complaint, that tenet is "inapplicable to legal conclusions," and "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (citing Twombly, 550 U.S. at 555); see also Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). In evaluating a motion to dismiss, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon those documents. See Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).

In the present case, Plaintiff appears pro se. As such, the Court must apply a more liberal standard of review to Plaintiff's claims. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also

United States ex. rel Montgomery v. Brierley, 414 F.2d 552 (3d Cir. 1969) (stating that pro se petitions should be liberally construed); Wade v. Yeager, 377 F.2d 841, 846 (3d Cir. 1967) (recognizing that a petition made without the benefit of counsel must be read with a measure of tolerance).

      **B.**    **Analysis**

        1.    The Americans with Disabilities Act ("ADA")

Defendants move to dismiss Plaintiff's claims under Title I and V of the ADA on the grounds that Plaintiff has failed to provide facts sufficient to raise a plausible claim to relief under the ADA. (Defs.' Br. at 5-16). After careful consideration, this Court concludes that Plaintiff has failed to state a plausible claim to relief under the ADA.

Title I of the ADA provides that "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112. In order "to make out a prima facie case under the ADA, a plaintiff must establish that s/he (1) has a 'disability,' (2) is a 'qualified individual,' and (3) has suffered an 'adverse employment decision' as a result of that disability." Skerski v. Time Warner Cable Co., 257 F.3d 273, 278 (3d Cir. 2001) (quoting Deane v. Pocono Med. Ctr., 142 F.3d 138, 142 (3d Cir.1998) (en banc)).

Plaintiff also alleges violations under Title V of the ADA. The retaliation provision of the ADA states that "[n]o person shall discriminate against any individual because such

4

individual has opposed any act or practice made unlawful by this Act or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceedings, or hearing under this Act." 42 U.S.C. § 12203(a).

To establish a prima facie case of retaliation under the ADA, a plaintiff must show: (1) plaintiff engaged in protected employee activity; (2) plaintiff experienced adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action. Krouse v. American Sterilizer Co., 126 F.3d 494, 500 (3d Cir. 1997).

Here, Plaintiff alleges violations of Title I of the ADA. However, aside from Plaintiff's conclusory statement that "[t]he above acts and practices of Defendant constitute unlawful discriminatory unlawful employment practices within the meaning of Americans with Disabilities Act", (Second Amended Compl. ¶ 29; Doc. No. 35), Plaintiff has failed to provide any factual allegations sufficient to state a plausible claim to relief under the ADA. Although this Court accepts as true all factual allegations in Plaintiff's complaint, that requirement is "inapplicable to legal conclusions." Iqbal, 129 S. Ct. 1937, 1949 (citing Twombly, 550 U.S. at 556). This Court concludes that Plaintiff has failed to support his bare allegations with sufficient factual matter as required to raise his complaint "over the line from conceivable to plausible." Twombly, 127 S. Ct. at 1955. Thus, Plaintiff's claims under Title I of the ADA are dismissed.

With regard to Plaintiff's claims under Title V of the ADA, aside from his conclusory statement that "[t]he above acts and practices of Defendants constitute unlawful reprisal" under various statutes including the ADA, (Second Amended Compl. ¶ 29; Doc. No. 35), Plaintiff has

not provided any factual matter to establish a plausible or even cognizable claim to relief under the ADA's retaliation provision. Thus, the Court grants Defendants' motion without prejudice on this point.

          2.        <u>The Rehabilitation Act ("RA")</u>

Defendants move to dismiss Plaintiff's claims under the RA on the grounds that Plaintiff has failed to state a plausible claim to relief. (Defs.' Br. at 5-16.) After careful consideration, this Court concludes that Plaintiff has failed to state a plausible claim to relief under the RA.

Plaintiff alleges violations of Sections 503 and 504 of the RA. First, with regard to Defendants' claims under Section 503 of the RA, this Court concludes that Plaintiff's claims must be dismissed because Section 503 of the RA does not provide a private right of action for aggrieved individuals. See <u>Beam v. Sun Shipbuilding & Dry Dock Co.</u>, 679 F.2d. 1077 (3d Cir. 1982). Section 503(a) requires that certain federal contracts contain a provision requiring the contractor to "take affirmative action to employ and advance in employment qualified handicapped individuals." Section 503(b) authorizes the Department of Labor to investigate complaints filed by handicapped individuals for violations of the statute. <u>Id</u>. Thus, Plaintiff's claims under Section 503 of the RA are dismissed with prejudice.

Section 504 of the Rehabilitation Act provides in part that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794. To state a claim under Section 504, a plaintiff must demonstrate that: (1) s/he is a qualified individual with a

6

disability; (2) s/he was denied the benefits of a program or activity of a public entity which receives federal funds; and (3) s/he was discriminated against based on her disability. 29 U.S.C. § 794. See Calloway v. Boro. of Glassboro Dep't of Police, 89 F. Supp. 2d 543, 551 (D.N.J. 2000).

Here, Plaintiff alleges that "[t]he above acts and practices of the Defendant" constitute violations of the RA. (Second Amended Compl. ¶ 29; Doc. No. 35.) However, aside from Plaintiff's conclusory statement, he has failed to provide sufficient factual matter to state a plausible or even cognizable claim to relief under the RA. Even applying a more lenient standard of review to Plaintiff's pro se complaint, this Court concludes that no facts have been sufficiently pled to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556)). Therefore, Plaintiff has failed to state a plausible claim to relief under the RA. Thus, Defendants' motion on this point in granted.

### 3. Family and Medical Leave Act ("FMLA")

Defendants move to dismiss Plaintiff's claims under the FMLA on the grounds that Plaintiff does not meet the statutory requirements to be eligible under the FMLA and has, therefore, failed to state a claim under the FMLA. (Defs.' Br. at 14.)

To obtain relief under the FMLA, a plaintiff must establish that he is an "eligible employee." 29 U.S.C. § 2611. To be an "eligible employee" an employee must be employed for at least twelve months by the employer and must have worked at least 1,250 hours during the previous twelve month period. 29 U.S.C. § 2611(2)(A). Whether the employee has worked the

7

requisite required number of hours is determined by the hours worked "during the [twelve]-month period immediately preceding the commencement of the leave." 29 C.F.R. § 825.110(a)(2). "The determination of whether an employee has worked for the employer for at least 1,250 hours in the past twelve months... must be made as of the date the FMLA leave is to start." 29 C.F.R. § 825.110 (d).

The Court notes that according to Plaintiff's Second Amended Complaint, Plaintiff's last date of service with New Jersey Transit before he went on "disability" was on September 1, 2008. (Second Amended Compl. ¶ 4; Doc. No. 35.) Over twelve months later, on October 27, 2009, Plaintiff filed under the FMLA. (Id. at ¶ 17.) Plaintiff, therefore, did not work at all during the twelve months prior to filing for FMLA leave. Since Plaintiff went on disability over one year before he applied for FMLA leave, and was therefore not working during the relevant twelve month window, Plaintiff did not work the requisite 1,250 hours in the twelve months immediately preceding the commencement of FMLA leave. Therefore, taking the Plaintiff's factual allegations as true, the Court concludes that Plaintiff does not meet the eligibility requirements under the FMLA. The Court concludes that Plaintiff has failed to state a plausible cause of action under the FMLA. As Plaintiff is unable to amend his complaint as to state a plausible claim under the FMLA, Plaintiff's claim against Defendants under the FMLA is dismissed with prejudice.

      4.      National Labor Relations Act ("NLRA")

Defendants move to dismiss Plaintiff's claims under the NLRA on the grounds that the NLRA is not applicable to Defendants. (Defs.' Br. at 12, 13.)

An "employer" is defined under the NLRA as:

any person acting as an agent of an employer, directly or indirectly, but shall not include the United States or any wholly owned Government corporation, or any Federal Reserve Bank, or any State or political subdivision thereof, or any person subject to the Railway Labor Act, as amended from time to time, or any labor organization (other than when acting as an employer), or anyone acting in the capacity of officer or agent of such labor organization.

29 § U.S.C.S. 152(2). In addition, New Jersey Transit was created by the New Jersey Public Transportation Act of 1979. N.J.S.A. § 27:25-1. The statute defines New Jersey Transit in the following manner: "[t]here is hereby established in the Executive Branch of the State Government, the New Jersey Transit Corporation . . . . The corporation is hereby constituted as an instrumentality of the State, exercising public and essential governmental functions." N.J.S.A. § 27:25-4(a).

As Defendants correctly noted, Defendants do not meet the statutory definition of an "employer" under the NLRA. Therefore, this Court concludes that Plaintiff has failed to state a claim to relief under the NLRA. Plaintiff's claims under the NLRA are dismissed with prejudice.

### 5.    Plaintiff's Claims Under Various United Nations Declarations

Defendant moves to dismiss Plaintiff's claims under various United Nations Declarations on the grounds that these declarations do not create Federal causes of action. (Defs.' Br. at 15-17). The Court concludes that these declarations do not create federal causes of action. See Sosa v. Alvarez-Machain, 542 U.S. 692, 734 (2004). Therefore, the Court does not need to address Plaintiff's claims under these declarations in further detail. Plaintiff's claims under the Convention on the Rights of Persons with Disabilities, the Universal Declaration of Human

Rights, and the United Nations Declaration on the Rights of Indigenous Peoples are dismissed with prejudice.

    6.  <u>New Jersey Law Against Discrimination ("NJ LAD")</u>

A District Court, pursuant to 28 U.S.C. § 1367(c)(3), "may decline to exercise supplemental jurisdiction over a claim . . . if . . . (3) the district court has dismissed all claims over which it has original jurisdiction." <u>Edlin Ltd. v. City of Jersey City</u>, No. 07-3431, 2008 U.S. Dist. LEXIS 41118, at *24 (D.N.J. May 23, 2008) (citing <u>Atkinson v. Olde Economie Fin. Consultants, Ltd.</u>, No. 05-772, 2006 U.S. Dist. LEXIS 54289, at *5 (W.D. Pa. Aug. 4, 2006)). This determination is discretionary and "[t]he general approach is for a district court to . . . hold that supplemental jurisdiction should not be exercised when there is no longer any basis for original jurisdiction." <u>Id.</u>; <u>see</u> <u>also</u> <u>City of Chicago v. Int'l Coll. of Surgeons</u>, 522 U.S. 156, 172 (1997) ("pendent jurisdiction 'is a doctrine of discretion, not of plaintiffs right,' and that district courts can decline to exercise jurisdiction over pendent claims for a number of valid reasons") (citing <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715, 726 (1966)).

As discussed previously, this Court has dismissed all of Plaintiff's claims over which it has original jurisdiction. Therefore, this Court will decline to exercise supplemental jurisdiction over Plaintiff's state claim under NJ LAD.

**III. CONCLUSION**

For the foregoing reasons, the Court will grant Defendants' Motion to Dismiss in part

with prejudice and in part without prejudice.  An appropriate form of order accompanies this memorandum opinion.

Dated: September 27, 2010

s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.
